UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shirley Verrette McIver, | Civil Action No.: 4:17-cv-01000-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Steven W. Arle, M.D.; Daniel Gordon, M.D.; and United States of America, | |
| Defendants. | |

This matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). *See* R & R [ECF No. 54]. The Magistrate Judge recommends that the Court transfer this case to the Eastern District of North Carolina and deny the two pending motions to dismiss as moot.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

No parties have filed objections to the R & R, and the time for doing so has expired.[1] In the

---

[1] Any objections by Defendants Gordon and United States were due by December 14, 2017, and any objections by Plaintiff (served with the R & R by mail) were due by December 18, 2017. *See* ECF Nos. 54 & 55. Plaintiff did file a response in support of the R & R, stating, "I agree with the District Court transferring this case to the United States District Court for the Eastern District of North Carolina." *See* ECF No. 56.

absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having reviewed the record for clear error, the Court adopts the Magistrate Judge's R & R [ECF No. 54] *except for pages 7, 8, and 9, which discuss law that is potentially incorrect[2] and is unnecessary for the Court's decision to transfer this case*. The Court hereby **TRANSFERS** this case to the United States District Court for the Eastern District of North Carolina. The Court **DENIES AS MOOT** the motions to dismiss [ECF Nos. 37 & 44] filed by Defendants Gordon and United States.

**IT IS SO ORDERED.**

Florence, South Carolina  
December 28, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[2] The Magistrate Judge states that "[h]ad South Carolina been the proper venue for this action, . . . Plaintiff would be required to comply with certain South Carolina statutory mandates," namely sections 15–36–100 and 15–36–125 of the South Carolina Code. R & R at p. 7. The Magistrate Judge further suggests that had venue been proper here, dismissal may have been warranted if Plaintiff "fail[ed] to comply with certain *pre-filing mandates*." *Id.* (emphasis added). The pre-filing mandates in § 15–36–***125*** (which is favorably quoted by the Magistrate Judge) are distinct from simply filing an expert affidavit with the complaint (as required by § 15–36–***100***) and **may be inapplicable to an FTCA claim**. *See generally Grant v. United States*, No. 3:17-CV-0377-CMC, 2017 WL 2265956, at *7–10 (D.S.C. May 24, 2017) (explaining § 15–36–125's *pre-suit* filing requirements differ from § 15–36–100's mere "requirement [that the] plaintiff file an expert affidavit *with the complaint*"; and questioning whether the pre-suit requirements of § 15–79–125 apply to an FTCA claim, given that "imposing a pre-suit requirement . . . at least partially duplicates and arguably conflicts with the FTCA's requirement for filing an administrative claim"); *id.* at *10 ("The court is aware of no decision . . . dismissing an FTCA claim for medical malpractice for failing to comply with Section 15–79–125's *pre-suit* requirements . . . ."). The Court need not resolve this thorny issue for purposes of transferring this case, and therefore declines to adopt that portion of the R & R discussing pre-filing requirements for medical malpractice cases.