IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-9-BO

| | | |
|---|---|---|
| SHIRLEY MCIVER, <br> Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | O R D E R |
| UNITED STATES OF AMERICA, STEVEN W. ARLE and DANIEL GORDON, <br> Defendants. | ) <br> ) <br> ) <br> ) | |

This matter is before the Court on the government's motion to dismiss [DE 75]. Plaintiff has responded, the government has replied, and the matter is ripe for ruling. For the following reasons, defendant's motion to dismiss is GRANTED.

## BACKGROUND

This case arises out of plaintiff's treatment for breast cancer beginning in 2003. Plaintiff, who is a veteran, received care directly from the North Carolina and South Carolina Veterans' Administration Medical Centers, as well as private providers. She has two basic factual allegations. First, that her care providers misread her mammogram, failing to diagnose her. Second, that she was prescribed Tamoxifen, which, when mixed with certain other medications, can cause complications. She received the mammogram in 2004, and a letter disclosing the medication issue in 2009.

Plaintiff first exhausted her administrative remedies, filing a Federal Tort Claims Act administrative claim in 2015. That claim was denied in 2015. Then, proceeding *pro se*, plaintiff filed the instant lawsuit in Federal District Court in South Carolina on April 18, 2017 [DE 1]. The case was permitted to proceed as to the government and two private care providers, Dr. Arle

and Dr. Gordon, both North Carolina residents. The case was then transferred to this district [DE 61]. The government has moved to dismiss the case on procedural grounds, arguing that it is barred by the Federal Tort Claims Act's statute of limitations.

## DISCUSSION

A motion to dismiss challenges the legal sufficiency of a complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A Court should view the complaint in the light most favorable to the plaintiff, and accept all well-pleaded allegations as true. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The complaint must be facially plausible—conclusory statements alone will not suffice. *Aschroft v. Iqbal*, 556, U.S. 662, 678 (2009).

The Federal Tort Claims Act ("FTCA") establishes a waiver of the general principle of sovereign immunity. 28 U.S.C. §§ 2671-2680. It provides a cause of action for torts committed by federal employees while acting within the scope of their official duties. *Id.* It also has strict procedural rules, including a 2-year statute of limitations. 28 U.S.C. § 2401(b); *Muth v. United States*, 1 F.3d 246, 249 (4th Cir. 1993). A plaintiff who seeks relief under the FTCA *must* bring her claim within two years of the accrual of her claim.

*Pro se* plaintiffs are entitled to a certain amount of leniency. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But their lack of legal training does not excuse basic procedural or jurisdictional failures. Here, plaintiff has alleged two factual claims, taken as true at this stage in the proceedings. First, that the doctors at Carolina Imaging misread her first mammogram, in 2004. Second, she was placed on two medications that should not be prescribed together, which she was informed of in 2009. She filed her administrative claim in 2015. Both claims are significantly outside the bounds of the FTCA's two-year limit. Therefore, plaintiff's claims against the United States must be dismissed.

There are two other defendants in this case who are not affected by this dismissal: Dr. Gordon, who has appeared, and Dr. Arle, who, as the South Carolina District Court noted, has not been properly served. [DE 54 at 10]. Bearing plaintiff's *pro se* status in mind, plaintiff is GRANTED an additional thirty (30) days to properly serve defendant Arle. If she does not, defendant Arle will be dismissed from the case as a result of plaintiff's failure to comply with Rule 4 of the Federal Rules of Civil Procedure.

## CONCLUSION

For the above reasons, defendant's motion to dismiss [DE 75] is GRANTED. Plaintiff's claims against the United States of America are dismissed. Plaintiff has thirty (30) days from the date of entry of this order to effect proper service on defendant Arle, or her case against him will be dismissed as well.

SO ORDERED, this 21 day of May, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE