UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-9-BO

| | |
|---|---|
| SHIRLEY MCIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendant Dr. Gordon's motion to dismiss. [DE 92]. The matter is ripe for disposition. For the following reasons, defendant's motion to dismiss [DE 92] is GRANTED. Additionally, plaintiff's claims against Dr. Arle are DISMISSED for failure to properly serve.

BACKGROUND

Plaintiff was treated for breast cancer beginning in 2003. Plaintiff, who is a veteran, received care directly from the North Carolina and South Carolina Veterans' Administration Medical Centers, as well as from private providers. She has two basic factual allegations. First, that her care providers misread her mammogram, failing to diagnose her. Second, that she was prescribed Tamoxifen, which, when mixed with certain other medications, can cause complications. She received the mammogram in 2004 and a letter disclosing the medication issue in 2009.

Plaintiff first exhausted her administrative remedies, filing a Federal Tort Claims Act administrative claim in 2015. That claim was denied in 2015. Then, proceeding *pro se*, plaintiff filed the instant lawsuit in federal court in South Carolina in April 2017 [DE 1]. The case was permitted to proceed as to the government and two private care providers, Dr. Arle and Dr. Gordon.

The case was then transferred to this district [DE 61]. In May 2018, the Court granted the government's motion to dismiss, leaving only Dr. Arle—who has not been properly served—and Dr. Gordon.

In October 2017, defendant Dr. Gordon moved to dismiss for failure to state a claim. [DE 92]. That same month, a hearing was held before the undersigned. [DE 94]. Plaintiff filed a response in opposition to Dr. Gordon's motion to dismiss. [DE 98].

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). *Pro se* plaintiffs are entitled to have their pleadings construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks omitted)).

This Court has diversity jurisdiction over plaintiff's claims. Courts sitting in diversity generally apply the forum state's substantive laws, which includes applicable statutes of

limitations. *Bonham v. Weinraub*, 413 Fed. App'x 615, 616 (4th Cir. 2011). Here, plaintiff's medical malpractice claim is governed by North Carolina's three-year statute of limitations for personal injury actions. *Williams v. Haigwood*, 2012 U.S. Dist. LEXIS 139235, at *14 (E.D.N.C. Sep. 25, 2012). Plaintiff's only claim against Dr. Gordon is that he misread a 2004 mammogram. Because her cause of action accrued in 2004, the applicable statute of limitations ran until 2007. Plaintiff, however, did not bring her claim until 2017. As such, plaintiff's claim against Dr. Gordon is barred by the statute of limitations and must be dismissed.

Additionally, plaintiff's claims against Dr. Arle must be dismissed. Rule 4(m) of the Federal Rules of Civil Procedure requires plaintiffs to serve the summons and complaint on a defendant within ninety days of filing. Unless a plaintiff shows good cause for failing to serve a defendant within ninety days, dismissal is appropriate. The Federal Rules of Civil Procedure still apply to *pro se* parties. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149–52 (1984).

In the Court's May 2018 order, plaintiff was given an additional thirty days to effect proper service on Dr. Arle. Plaintiff failed to properly serve Dr. Arle within those thirty days. Plaintiff has had multiple opportunities to effect proper service and has failed to do so. Thus, plaintiff's claims against Dr. Arle must be dismissed.

## CONCLUSION

For the reasons discussed above, defendant Dr. Gordon's motion to dismiss [DE 92] is GRANTED. Plaintiff's claims against Dr. Arle are also DISMISSED for failure to properly serve. The Clerk is DIRECTED to close the case.

SO ORDERED, this 21 day of November, 2018.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE